UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DEMOCRACY DEFENDERS FUND,

         Plaintiff,

    v.

DEPARTMENT OF HOMELAND
SECURITY,

         Defendant.

Civil Action No. 26-1073 (CJN)

## ANSWER

Defendant the Department of Homeland Security, by and through undersigned counsel, hereby responds to Plaintiff's Complaint, in this case under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Defendant denies all allegations in the Complaint, including the relief sought, except as specifically admitted in this Answer.

To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents in response; however, Defendant's responses are not intended to be, and should not be construed to be, an admission that the cited materials are: (a) correctly cited or quoted by Plaintiff; (b) relevant to this, or any other, action; or (c) admissible in this, or any other, action. Defendant responds to the separately numbered paragraphs and prayers for relief in the Complaint as follows:

1. The allegations in this paragraph consist of Plaintiff's characterization of this action, to which no response is required. To the extent a response is deemed required, Defendant admits that Plaintiff purports to bring this action under the FOIA.

2.      To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

3.      Defendant admits that as of the date of the Complaint it has not issued a final determination with regard to Plaintiff's FOIA request.  Defendant denies it is in violation of the FOIA.

## JURISDICTION AND VENUE[1]

4.      The allegations in this paragraph consist of legal conclusions regarding jurisdiction to which no response is required.  To the extent a response is deemed required, Defendants admit that this Court has subject matter jurisdiction subject to the terms and limitations of the FOIA.

5.      This paragraph consists of legal conclusions regarding jurisdiction to which no response is required.  To the extent a response is required, Defendants avers that the Court lacks subject matter jurisdiction to award relief that exceeds that authorized by the FOIA, including but not limited to declaratory relief. *See* 5 U.S.C. § 552(a)(4)(B).

---

[1]     For ease of reference, Defendant replicates the headings contained in the Complaint. Although Defendant believes that no response is required to such headings (Fed. R. Civ. P. 10(b)), to the extent a response is deemed required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

6. This paragraph consists of legal conclusions regarding venue to which no response is required. To the extent a response is deemed required, Defendants admit that venue is proper in this judicial district for actions brought under FOIA.

7. This paragraph consists of legal conclusions regarding venue to which no response is required. To the extent a response is deemed required, Defendants deny that Plaintiff is eligible for or entitled to costs or attorneys' fees.

## PARTIES

8. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

9. Defendant admits that DHS is an agency of the United States government.

10. Defendant admits that ICE and CBP are components of the Department of Homeland Security.

11. The allegations in this paragraph consists of a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant denies that it is in violation of FOIA.

## STATEMENT OF FACTS

### DDF'S FOIA REQUEST

12. DHS, ICE, and CBP admit that they received a FOIA request from Plaintiff on or around February 3, 2026. The remainder of the allegations in this paragraph consists of Plaintiff's characterization of its request, to which no response is required. To the extent a response is deemed required, Defendant avers that the request is the best evidence of its contents and respectfully refers the Court to the request for a complete and accurate statement of its contents.

13. The allegations in this paragraph consist of Plaintiff's characterization of its request, to which no response is required. To the extent a response is deemed required, Defendant

avers that the request is the best evidence of its contents and respectfully refers the Court to the request for a complete and accurate statement of its contents.

14.    The allegations in this paragraph consist of Plaintiff's characterization of its request, to which no response is required. To the extent a response is deemed required, Defendant avers that the request is the best evidence of its contents and respectfully refers the Court to the request for a complete and accurate statement of its contents.

15.    The allegations in this paragraph consist of Plaintiff's characterization of its request, to which no response is required. To the extent a response is deemed required, Defendant avers that the request is the best evidence of its contents and respectfully refers the Court to the request for a complete and accurate statement of its contents.

**"BACKGROUND REGARDING THE CORRESPONDENT INCLUDED IN THE REQUEST"**

16.    To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

17.    To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief

or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

18. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

19. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

20. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

21.    To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

22.    To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

23.    To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

24.    To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records

sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

25.    To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

26.    To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

27.    To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent

the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

28.     To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

29.     To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

30.     To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief

or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

31.     To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

32.     To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

33.     To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

34. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

35. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

36. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

37. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records

sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

38.     To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

39.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

40.     The allegations in this paragraph consist of Plaintiff's characterization of its request, to which no response is required. To the extent a response is deemed required, Defendant avers that the request is the best evidence of its contents and respectfully refers the Court to the request for a complete and accurate statement of its contents.

**DEFENDANT'S FAILURE TO RESPOND TO DDF'S FOIA REQUEST**

41.     Defendant CBP avers that it received Plaintiff's FOIA request on or around February 3, 2026.

42.     Defendant ICE avers that it received Plaintiff's FOIA request on February 3, 2026 and gave it the tracking number 2026-ICFO-15387.

43.     Defendant admits that its portal sends automated replies and assigns tracking numbers.  Defendant does not track the assigned tracking number and therefore Defendant lacks knowledge or information sufficient to form a belief as to the truth of the exact tracking number assigned to Plaintiff.

44.     Defendant CBP admits that it assigned the tracking number 2721561.

45.     Defendant admits that Defendant sent Plaintiff an acknowledgment letter on or about February 9, 2026. The remainder of the allegation in this paragraph consists of Plaintiff's characterization of Defendant's letter, to which no response is required.  To the extent a response is deemed required, Defendant avers that the letter is the best evidence of its contents and respectfully refers the Court to the letter for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

46.     Defendant admits that it invoked a 10-day extension pursuant to 6 C.F.R. Part 5 § 5.5(c) and granted Plaintiff's request for a fee waiver.

47.     Defendant admits that Defendant sent Plaintiff an acknowledgment letter on or about February 20, 2026.  The remainder of the allegation in this paragraph consists of Plaintiff's characterization of Defendant's letter, to which no response is required.  To the extent a response is deemed required, Defendant avers that the letter is the best evidence of its contents and respectfully refers the Court to the letter for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

48.     Defendant admits that Defendant sent Plaintiff an acknowledgment letter on or about February 20, 2026.  The remainder of the allegation in this paragraph consists of Plaintiff's characterization of Defendant's letter, to which no response is required.  To the extent a response is deemed required, Defendant avers that the letter is the best evidence of its contents and

respectfully refers the Court to the letter for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

49.     Defendant admits that it invoked "unusual circumstances."

50.     ICE admits that it did not send an acknowledgment to Plaintiff.

51.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

52.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

53.     Defendant admits that, as of the date of the Complaint, it did not make a determination with respect to Plaintiff's FOIA request.

54.     Defendant avers that CBP declined Plaintiff's request for expedited processing. Defendant further avers that DHS and CBP granted Plaintiff's request for a fee waiver, but ICE did not make a determination with respect to Plaintiff's fee waiver.

**COUNT ONE**

**VIOLATION OF STATUTORY DEADLINE**

55.     Defendant incorporates by reference its responses to all preceding paragraphs as if set forth fully herein.

56.     This paragraph consists of legal conclusions and characterizations of a presidential memorandum to which no response is required.  To the extent a response is deemed required, Defendant avers that the memorandum is the best evidence of its contents and respectfully refers the Court to the memorandum for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

57.     This paragraph consists of legal conclusions and characterizations of a statute to which no response is required.  To the extent a response is deemed required, Defendant avers that

the statute is the best evidence of its contents and respectfully refers the Court to the statute for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

58.     This paragraph consists of legal conclusions and characterizations of a statute to which no response is required.  To the extent a response is deemed required, Defendant avers that the statute is the best evidence of its contents and respectfully refers the Court to the statute for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

59.     Defendant avers that, as of the date of the Complaint, Defendant had not provided documents to Plaintiff in response to Plaintiff's request.

60.     This paragraph consists of legal conclusions regarding constructive exhaustion to which no response is required.  To the extent a response is deemed required, Defendant admits that Plaintiff has exhausted administrative remedies.

## COUNT TWO

## UNLAWFUL WITHHOLDING OF AGENCY RECORDS

61.     Defendant incorporates by reference its responses to all preceding paragraphs as if set forth fully herein.

62.     This paragraph consists of legal conclusions regarding constructive exhaustion to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

63.     This paragraph consists of legal conclusions regarding constructive exhaustion to which no response is required.  To the extent a response is deemed required, Defendant denies that it is in violation of FOIA.

64.     This paragraph consists of legal conclusions regarding constructive exhaustion to which no response is required.  To the extent a response is deemed required, Defendant denies that it is in violation of FOIA.

## RELIEF REQUESTED

The remainder of the complaint consists of Plaintiff's prayer for relief, to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the relief requested.

## AFFIRMATIVE AND OTHER DEFENSES

Any allegations not specifically admitted, denied, or otherwise responded to are hereby denied. In further response to the Complaint, Defendant raises the following defenses. Defendant respectfully reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendant throughout the course of this litigation.

## FIRST DEFENSE

Plaintiff is not entitled to compel the production of any records exempt from disclosure by one or more exemptions or exclusion of the FOIA, 5 U.S.C. § 552, as amended, or the Privacy Act, 5 U.S.C. § 552a.

## SECOND DEFENSE

The Court lacks subject matter jurisdiction to award relief that exceeds that authorized by the FOIA, including but not limited to declaratory relief. *See* 5 U.S.C. § 552(a)(4)(B).

## THIRD DEFENSE

Plaintiff is neither eligible for nor entitled to attorneys' fees or costs.

## FOURTH DEFENSE

The Defendant has not improperly withheld records requested by Plaintiff under the FOIA. 5 U.S.C. § 552.

## FIFTH DEFENSE

To the extent the Complaint alleges background facts unnecessary to the consideration of Defendant's response to the FOIA request at issue, the Complaint violates Rule 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim. The Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f). *See Mich. Immigr. Rts. Ctr. v. Dep't of Homeland Sec.*, Civ. A. No. 16-14192, 2017 WL 2471277, at *3 (E.D. Mich. June 8, 2017) (deeming stricken under Rule 12(f) background facts alleged in a FOIA complaint: "In this unique context, requiring Defendants to answer allegations in Plaintiff's complaint that they would not otherwise be required to answer, and that are not material to Plaintiff's FOIA claim, would prejudice Defendants."); *Robert v. Dep't of Just.*, Civ. A. No. 05-2543, 2005 WL 3371480, at *11 (E.D.N.Y. Dec. 12, 2005) (striking allegations of background facts; concluding that Plaintiff's "allegations are irrelevant to the validity of [his] FOIA claims").

## SIXTH DEFENSE

One or more of the FOIA requests, or subparts thereto, are not valid requests as they do not reasonably describe the records sought and also are invalid to the extent they would be unduly burdensome to process.  The request, or subparts thereto, also are invalid to the extent they are in the nature of a direction to an agency to conduct a search using specified search terms, or otherwise seek to impose obligations on the agency not required by FOIA.

## SEVENTH DEFENSE

Plaintiff is not entitled to production of non-exempt portions of records that are not reasonably segregable from exempt portions of records.

## EIGHTH DEFENSE

Defendants' actions did not violate the FOIA or any other statutory or regulatory provision.

Dated: May 7, 2026                              Respectfully submitted,
        Washington, DC

                                                JEANINE FERRIS PIRRO

- 16 -

- 17 -

United States Attorney


By: _____ */s/ Brian J. Levy* _____
      BRIAN J. LEVY
      Assistant United States Attorney
      601 D Street, NW
      Washington, DC 20530
      (202) 252-6734

*Attorneys for the United States of America*